# IN THE COURT OF APPEALS OF IOWA

No. 18-1938
Filed November 6, 2019

IN RE THE MARRIAGE OF ERINN GARRELS
AND CHRISTOPHER GARRELS

Upon the Petition of
ERINN GARRELS,
    Petitioner-Appellant,

And Concerning
CHRISTOPHER GARRELS,
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, Stuart P. Werling, Judge.

Petitioner appeals the district court's calculation of the parties' obligation for their child's postsecondary education expenses. **AFFIRMED AS MODIFIED.**

David M. Pillers of Pillers & Richmond, DeWitt, for appellant.

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, for appellee.

Considered by Potterfield, P.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

Erinn Garrels appeals the district court's calculation of the parties' obligation for their child's postsecondary education expenses. We affirm the district court's decision requiring the parents to contribute to the child's postsecondary education expenses but modify to increase each parent's obligation to $9352.

## I.     Background Facts & Proceedings

Erinn Garrels and Christopher Garrels were previously married and are the parents of a child born in 2000. The parties' dissolution decree, filed on September 9, 2013, provided, "The Court reserves jurisdiction toward either parent to pay a post-secondary education subsidy if good cause is established pursuant to Iowa Code section 598.1(9) [(2013)] pertaining to post-secondary education subsidies."

On August 30, 2018, Erinn filed a petition to modify the dissolution decree to provide for a postsecondary-education subsidy for the child. The child turned eighteen years old and began attending Iowa State University in 2018. The published estimated cost of attendance at Iowa State was $21,402 for the 2018-19 school year. Erinn testified the cost of attendance should be $28,746, to include a computer, transportation, health insurance, and other expenses. The child received a grant or scholarship of $1380 and student loans of $5500 for the school year. Each parent has sufficient income to contribute to the child's college expenses. Erinn earns $82,000 per year, and Christopher earns $72,000.

The district court found the total cost of attending Iowa State was $28,056 per year. The court determined the child's contribution was $5500. per year, leaving a balance of $22,556. The court divided this amount in thirds, requiring

Erinn, Christopher, and the child to each contribute $7,518.67 per year in postsecondary education expenses.

Erinn filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), asking the court to provide for healthcare and to allocate the tax exemption for the child. The court determined Christopher should provide health insurance for the child and the tax exemption should be awarded to Erinn. Erinn now appeals the court's calculation of the parties' obligation for the child's post-secondary education expenses. Erinn did not raise this issue in her rule 1.904(2) motion.

## II.     Standard of Review

In this equitable action, our review is de novo. *In re Marriage of Vaughan*, 812 N.W.2d 688, 692 (Iowa 2012). We give weight to the fact findings of the district court but are not bound by these findings. Iowa R. App. P. 6.904(3)(g); *In re Marriage of Olson*, 705 N.W.2d 312, 313 (Iowa 2005).

## III.     Discussion

On appeal, Erinn agrees and Christopher does not contest that the district court correctly calculated the "total cost of attendance" to be $28,056. The issue on appeal derives from the method in which the district court divided the total cost of attendance, as the district court determined that the student's contribution was $5,500 and then deducted that amount from the total cost of attendance. The district court then divided the balance by three, ordering the parents and the child to each contribute $7,518.67.

In its recent case, *In re Marriage of Larsen*, 912 N.W.2d 444, 449 (Iowa 2018), the Iowa Supreme Court stated:

If good cause is shown, the court engages in a three-step process to determine the amount owed. First, the court must ascertain "the cost of postsecondary education based upon the cost of attending an in-state public institution for a course of instruction leading to an undergraduate degree and shall include the reasonable costs for only necessary postsecondary education expenses." Iowa Code § 598.21F(2)(a).

Second, the court must ascertain the amount of the child's reasonably expected contribution in light of "the child's financial resources, including but not limited to the availability of financial aid whether in the form of scholarships, grants, or student loans, and the ability of the child to earn income while attending school." *Id.* § 598.21F(2)(b).

Third, the court must subtract the child's expected contribution from the total cost of postsecondary education. *Id.* § 598.21F(2)(c). The court must then allocate the remaining costs between the parents in an amount not to exceed thirty-three and one-third percent of the total cost of postsecondary education. *Id.*

As noted, the total cost of attendance was determined to be $28,056. The expected contribution from the child was determined to be $5500. Subtracting the child's contribution from the total cost of attendance leaves a balance of $22,556. Dividing the balance in half, each parent would have an obligation of $11,278. As that figure exceeds thirty-three and one-third percent of the total reasonable cost,[1] the amount owed by each parent is $9352.

We affirm the district court's decision requiring the parents to contribute to the child's postsecondary education expenses but modify to increase each parent's obligation to $9352.

**AFFIRMED AS MODIFIED.**

---

[1] The total reasonable cost of $28,056.00 divided by three is $9352.00.